**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Sweet,<br><br>          Plaintiff,<br><br>v.<br><br>John R. Tomlinson, *et al.*,<br><br>          Defendants. | No. CV-19-05312-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff's Motion for Leave to Amend Plaintiff's First Amended Complaint Pursuant to Rule 15(b) (Doc. 55), to which Defendants filed a Response (Doc. 57), and Plaintiff filed a Reply (Doc. 63). No party requested oral argument on the Motion, and the Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

**I.    BACKGROUND**

The Proposed Second Amended Complaint (Doc. 55-1, PSAC) provides as follows. AVI Mail Internet Solutions, LLC was formed in 2002 with Fortune Media & Marketing, LLC and TechFX, Inc. as its sole members; none of these entities is party to this lawsuit. Defendant John Tomlinson was and remains AVI's sole manager. Plaintiff James Sweet alleges that, in 2004, he conferred a benefit of $141,000 on AVI by various means resulting in a 4% membership interest in AVI, albeit without any documentation memorializing his capital contribution or membership interest. For the next nine years, Plaintiff relied on

Tomlinson's oral assurances that he would repay Plaintiff and Plaintiff would receive a large return on his investment, neither of which occurred.

In 2014, Plaintiff obtained a copy of a 2003 amendment to AVI's Operating Agreement indicating that the organizational rules did not alter the default rules provided by Arizona law requiring the unanimous consent of all members for AVI to take certain acts, including to make changes to the operating agreement; authorize transactions unrelated to AVI's purpose or business; issue an interest in AVI; or fix, release, or modify a member's obligation to make a capital contribution in exchange for an interest in AVI. (PSAC ¶¶ 31, 35, 44.) Moreover, the Operating Agreement did not modify the default rules provided by Arizona law requiring distributions to be proportional to members' unreturned capital contributions. (PSAC ¶ 48.) Over the years, Plaintiff has never given his consent for any actions taken by AVI or received a distribution, which he claims implies breaches of the Operating Agreement based on his allegation that he is a member of AVI.

In its Order resolving Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, the Court found that, based on Plaintiff's allegations, Plaintiff's claims were time-barred by the applicable statutes of limitations because he did not file this lawsuit until 2019—15 years after he allegedly made a capital contribution to AVI in exchange for a membership interest and over five years after he allegedly discovered the contents of the 2002 and 2003 Operating Agreements in 2014—and Plaintiff did not allege any actionable conduct on the part of Defendants within the limitations periods. (Doc. 45.) After conditionally dismissing Plaintiff's claims, the Court ultimately granted Plaintiff leave to file a Motion to Amend if he could propose amendments to the First Amended Complaint that would cure the defects identified by the Court in his breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duties claims. (Docs. 45, 48.) The Court now resolves Plaintiff's Motion to Amend.

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) states that "leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and

internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

"A proposed amended complaint is futile if it would be immediately subject to dismissal. Thus, the proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quotations and citations omitted), *aff'd on reh'g en banc on other grounds,* 681 F.3d 1041 (9th Cir. 2012). To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III.  ANALYSIS

As a threshold matter, the Court observes that the parties filed numerous materials outside the pleadings, none of which merit judicial notice or will be considered by the Court in resolving Plaintiff's Motion to Amend. The sole question before the Court is whether the PSAC contains sufficient factual content regarding Defendants' alleged acts within the limitations periods to plausibly state Plaintiff's proposed claims.

The Court laid out the applicable statute of limitations periods for Plaintiff's claims in its prior Order, and indeed Plaintiff now includes those periods as allegations in the PSAC, calling them the "Relevant Time Period." (PSAC ¶¶ 12-14.) The breach of contract claim (Count 1) has a six-year statute of limitations period, so acts constituting a breach of contract must have occurred after October 2, 2013. (Doc. 45; PSAC ¶ 12.) The breach of the covenant of good faith and fair dealing and breach of fiduciary duties claims (Counts 2 & 3) have a two-year statute of limitations period, so acts constituting a breach of these covenants and duties must have occurred after October 2, 2017. (Doc. 45; PSAC ¶ 13.)

In the PSAC, Plaintiff fails to allege sufficient facts from which the Court can plausibly infer any of Plaintiff's claims. For example, as allegations of breaches of the Operating Agreement—presuming for the sake of this analysis that such a claim could have merit against Tomlinson and the Tomlinson Trust—Plaintiff simply states what each operational rule is and that Defendants violated it within the relevant limitations period. For example, Plaintiff alleges:

> During the Relevant Contractual Time Period, [Defendants] have and continue to cause AVI to, *inter alia*, fix or modify the amount and character of the capital contributions that its members were to make or promised to make in exchange for an interest[] in AVI without [Plaintiff's] agreement or consent in material breach of the Operating Agreement as amended and/or supplemented by applicable Arizona statutory law.

(PSAC ¶ 103.)

The Court agrees with Defendants that such allegations, devoid of any factual content, are entirely conclusory; indeed, the Court identified this defect at several points in its prior Order (Doc. 45) examining Plaintiff's prior complaint. The PSAC matter-of-factly states a rule and that Defendants violated it, without alleging how or when. That the Operating Agreement (guided by associated Arizona law) provides rules does not by itself lead to the plausible inference that Defendants broke the rules within the limitations periods. Likewise, Plaintiff provides no factual allegations in the PSAC to underpin his otherwise-conclusory breach of covenants and duties claims.

Plaintiff can answer his own questions regarding how the allegations in the PSAC can be considered conclusory (Reply at 2) by reading the seminal cases regarding pleading a claim in federal court. For example, in *Twombly*, the Supreme Court examined whether a complaint was sufficient to state a Sherman Act antitrust claim based in part on agreements companies allegedly made to refrain from competing with each other. The Court held that stating a claim

> requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. . . . [A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. Hence, when allegations of parallel conduct are set out in order to make a [Sherman Act] claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.
>
> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflect the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "show that the pleader is entitled to relief." A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a [Sherman Act] claim.

550 U.S. at 556-57.

In the PSAC, Plaintiff's claims include no factual allegations of a context or setting for Defendants' alleged violations of the Operating Agreement or the associated covenants and duties but are instead naked assertions that Defendants violated these within the limitations periods. This is precisely the type of claim that *Twombly, Iqbal*, and their progeny found to be inadequate under Rule 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). For this reason, Plaintiff again fails to state a claim in the PSAC.

The Court gave Plaintiff an opportunity to cure this otherwise fatal defect by filing the Motion to Amend and PSAC (Docs. 45, 48), and Plaintiff did not so cure. From this,

the Court must conclude that Plaintiff is unable to allege any non-conclusory facts to support his claims. Without a sufficient pleading, the Court cannot allow this case to go forward, and the Court will therefore deny Plaintiff's Motion to Amend and dismiss this case.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Leave to Amend Plaintiff's First Amended Complaint Pursuant to Rule 15(b) (Doc. 55) and dismissing this case.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment in favor of Defendants and close this case.

Dated this 12th day of August, 2021.

Honorable John J. Tuchi
United States District Judge